■ ARIEL ROGA, Appellant, v MONICA WESTIN, Respondent, et al., Defendant. [622 NYS2d 777] —In an action, *inter alia,* to recover a down payment on a contract for the sale of real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Alpert, J.), dated October 6, 1993, which, *inter alia,* granted the motion of the defendant Monica Westin for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

We agree with the Supreme Court that none of the grounds presented by the plaintiff excused him from performance under the contract. The plaintiff failed to present evidence to support a finding that a valid and subsisting certificate of occupancy was not in effect for the premises. The plaintiff's own actions in seeking to have the certificate revoked support this conclusion.

Pursuant to paragraph 10 (a) of the contract, the defendant was obligated to "comply with all notes or notices of violations of law or municipal ordinances, orders or requirements noted

or issued as of the date hereof", and convey the premises "free of them at Closing". By its plain language, this provision clearly refers only to "notes or notices of violations" issued as of the date of the contract *(see, Hattman v 212-214 S. Ninth St. Corp.,* 147 NYS2d 552; *Kaloumenos v Bottaccio,* 67 NYS2d 527, *affd* 273 App Div 907; *see also,* Friedman, Contracts and Conveyances of Real Property § 3.6 [5th ed]).

The contract provision requiring the premises to be conveyed subject to all "building restrictions, zoning regulations and ordinances" is likewise of no avail to the plaintiff's position. The plaintiff points to no such standards which the premises failed to meet.

Finally, the plaintiff may not rely upon the mortgage contingency provision of the contract. The plaintiff's right to cancel the contract for failure to obtain financing terminated prior to the prospective lender's revocation of its mortgage commitment. Pursuant to the mortgage contingency provision, the plaintiff's failure to give notice of cancellation within five business days after the commitment date resulted in a waiver of his right to cancel the contract *(see, Arnold v Birnbaum,* 193 AD2d 710). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.