[25 NYS3d 202]

Board of Managers of the Soundings Condominium, Respondent, v Sonja Foerster, Appellant, et al., Counterclaim and Third-Party Defendants.

First Department, February 23, 2016

APPEARANCES OF COUNSEL

*A.M. Richardson, P.C.*, New York City (*Ambrose M. Richardson, III* of counsel), for appellant.

*Belkin Burden Wenig & Goldman, LLP*, New York City (*Robert T. Holland, Sherwin Belkin, Magda L. Cruz* and *Michael A. Battema* of counsel), for respondent.

## OPINION OF THE COURT

Tom, J.P.

■ This is an action to rescind the conveyance of a condominium apartment (fourth cause of action) on the ground that defendant purchaser misrepresented to plaintiff, the condominium's board of managers, that she would use the unit as a private residence and, instead, established a professional day care business at the premises. The remaining causes of action of the complaint are either duplicative of the rescission claim or superfluous in seeking relief that is well within the power of a court of equity upon restoring the status quo ante. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, finding, inter alia, that a triable issue is raised with respect to whether defendant made any misrepresentation that might impact the validity of the purchase agreement. In seeking reversal, defendant argues, inter alia, that "fraud cannot be established because an essential element, injury, does not exist." However pecuniary damages are unnecessary in an action for equitable rescission. Thus, defendant's arguments are unavailing.

On or about March 1, 2013, defendant entered into a contract to buy residential unit 1G from owners, William and Ana Waung, at the Soundings Condominium. Pursuant to the Soundings' bylaws, the contract between defendant and the prior owners of the unit gave plaintiff a right of first refusal, i.e., the right to buy the seller's unit for the price offered by defendant.

In late February or early March 2013, defendant submitted a purchase application to plaintiff's managing agent. In response to questions on the application, defendant stated that no "business or profession" would be conducted at the unit. She also expressly advised in the application that she was "purchasing [the] apartment for [her] nanny/nurse so she can live in close proximity to my current home." She listed her nanny's name in response to a request for "[n]ames and numbers of all persons who will reside in the apartment."

Meanwhile, on or about March 27, 2013, defendant submitted an application to the New York State Office of Children and Family Services for a license to operate a group family day care center at unit 1G. The application indicated that the hours of operation were Monday-Friday, 8 a.m.-6 p.m., with German being taught in the morning and Spanish in the afternoon. The application also indicated that the subject condominium unit would be one large open space.

On April 11, 2013, before she closed on unit 1G, defendant told Anna Seddio—an employee of Milford Management, which manages the Soundings—that she (defendant) was planning to "[r]emove the wall (including the closet) separating the living room and the bedroom." It is apparent that defendant sought this alteration to configure the unit in the manner indicated in defendant's application filed with the New York State Office of Children and Family Services for a day care license.

On April 19, 2013, defendant took title to the unit, and on May 4, 2013, she submitted an alteration agreement for the unit. On June 16, 2013, defendant wrote to Seddio advising her that over the past few years she had "run a language program for kids from [her] apartment," and that she planned to move the program, which she insisted was consistent with residential use and did not require approval by management or plaintiff, to unit 1G.

On or about July 29, 2013, the New York State Office of Children and Family Services issued a Group Family Day Care License to defendant's entity, Kinderspiel LLC.

In April 2014, plaintiff commenced this action setting forth causes of action for, inter alia, fraud, breach of contract, and rescission. The complaint alleges that defendant submitted an application to purchase the subject condominium unit representing that it was to be used as a residence for the "nanny/nurse" of her children. Because defendant hid her true intention to operate a business at the premises, the complaint alleges plaintiff was induced to refrain from exercising the preemptive right of first refusal to purchase the unit as conferred by the condominium's bylaws, in furtherance of the bylaw that units "shall be used only as a residence" (with a limited exception not applicable herein). Rescission is sought on the ground that defendant intentionally misrepresented a material fact, thereby inducing plaintiff to forgo exercising its right of first refusal.

On this appeal, defendant also maintains that the court should have dismissed the complaint on the ground that it

violates Social Services Law § 390 (12) in that "it seeks to prohibit the use of a licensed group family day care facility and therefore fails to state a cause of action." The statute provides in pertinent part: "No village, town . . . , city or county shall prohibit or restrict use of a . . . multiple dwelling for . . . group family day care where a license . . . for such use has been issued in accordance with regulations issued pursuant to this section" (Social Services Law § 390 [12] [a]). The gravamen of the defense is that because the Second Department has expanded the scope of the statute to encompass a condominium unit (*see Quinones v Board of Mgrs. of Regalwalk Condominium I*, 242 AD2d 52, 57 [2d Dept 1998]), plaintiff cannot contest the use to which the premises were ultimately put. Thus, it is asserted that plaintiff sustained no damage as a result of misrepresentations on defendant's application to purchase the unit, and an essential element of plaintiff's fraud claim is absent, requiring dismissal.

The obvious defect in defendant's reasoning is that damages are not necessary to sustain a cause of action for equitable rescission. Fraud sufficient to support the rescission requires only a misrepresentation that induces a party to enter into a contract resulting in some detriment, and "unlike a cause of action in damages on the same ground, proof of scienter and pecuniary loss is not needed" (*D'Angelo v Hastings Oldsmobile*, 89 AD2d 785, 785 [4th Dept 1982], *affd* 59 NY2d 773 [1983]). Even an innocent misrepresentation will support rescission (*see Seneca Wire & Mfg. Co. v Leach & Co.*, 247 NY 1, 8 [1928]). Thus, the fourth cause of action alleging that misrepresentations in defendant's purchase application induced plaintiff to forgo exercise of its right of first refusal has a sound basis in the record, and Supreme Court properly concluded that a triable issue is presented.

■ However, the various remaining causes of action for, inter alia, breach of contract and fraud should be dismissed as duplicative. Apart from seeking $1 million in consequential damages, plaintiff's first cause of action for fraud is virtually identical to its fourth cause of action for rescission, and is founded upon the same facts. A tort claim based upon the same facts underlying a contract claim is properly dismissed as merely a duplication of the contract cause of action (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 305 [1st Dept 2003]). The remainder of the complaint seeks various forms of injunctive, declaratory and monetary relief that a

court of equity would provide in restoring the parties to status quo ante and duplicates the claim for rescission.

■ The court was also correct to ignore defendant's demand to assess the effect of Social Services Law § 390 (12) on the respective rights of the parties. First, there is nothing in the statute that indicates an intent to abolish a claim for equitable rescission in circumstances such as those presented here. Moreover, defendant asked the court to decide a hypothetical question: if she had revealed her intention to use the condominium unit as a group family day care home and if plaintiff had exercised its right of first refusal, would plaintiff's conduct contravene the policy expressed in the statute? Manifestly, this issue is not before us. On the current record, ownership of the condominium unit is alleged to have been obtained by deception, and the only question presented is whether such misrepresentation warrants rescission. The owner took no action to exercise the right of first refusal to purportedly trigger the application of Social Services Law § 390 (12).

Entertaining the question posed by defendant will have to await a proper case in which a seller is afforded the opportunity to exercise the right of first refusal and the issue of whether it is precluded by the statute arises. Had defendant wished to contest the issue, the proper procedure would have been to submit an honest application and, if plaintiff exercised its preemptive right, challenge the decision by way of an CPLR article 78 proceeding or a declaratory judgment action, as in *Quinones*.

In short, entertaining the question on the present record is prohibited because it would involve the Court in the rendering of an advisory opinion which this Court is constrained to decline (*Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354-355 [1988]; *American Ins. Assn. v Chu*, 64 NY2d 379, 385-386 [1985], *cert denied and appeal dismissed* 474 US 803 [1985]).

Accordingly, the order of the Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about August 12, 2014, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, should be modified, on the law, to grant the motion to the extent of dismissing all but the fourth cause of action for rescission, and otherwise affirmed, and the appeal from the order, same court and Justice, entered on or about November 10, 2014, which, to the extent appealable, denied defendant's motion to renew, should be dismissed, without costs, as academic.

RENWICK, ANDRIAS, MANZANET-DANIELS and KAPNICK, JJ., concur.

Order, Supreme Court, New York County, entered on or about August 12, 2014, modified, on the law, the motion granted in part, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 10, 2014, dismissed, without costs, as academic.