Kollatz v KOS Bldg. Group, LLC (2020 NY Slip Op 07046)





Kollatz v KOS Bldg. Group, LLC


2020 NY Slip Op 07046


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2017-10672
 (Index No. 52995/17)

[*1]Christoph Kollatz, appellant, 
v
KOS Building Group, LLC, et al., respondents.


Cozen O'Connor, New York, NY (Amanda L. Nelson of counsel), for appellant.
Michele A. Murphy, Mamaroneck, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, breach of warranty, fraud, and negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated August 7, 2017. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract, breach of warranty, fraud, and negligence in the construction of certain residential property owned by the plaintiff.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging fraud insofar as asserted against the defendant KOS Building Group, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
In April 2015, the plaintiff entered into a contract with the defendant 9 Seneca Road, LLC (hereinafter Seneca), to purchase a newly-constructed house located in Scarsdale (hereinafter the Contract of Sale), which was accompanied by a limited warranty also signed by those parties. The house was constructed by the defendant KOS Building Group, LLC (hereinafter KOS, and together with Seneca, the defendants). Following the closing in June 2015, the plaintiff allegedly discovered numerous defects and deficiencies in the construction of the house. Thereafter, the plaintiff contracted with KOS to perform additional work to the house.
In March 2017, the plaintiff commenced this action against the defendants, inter alia, to recover damages for breach of contract, breach of warranty, fraud, and negligence. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The plaintiff opposed the motion, and by order dated August 7, 2017, the Supreme Court, inter alia, granted those branches of the defendants' motion which were to dismiss the causes of action alleging breach of contract, breach of warranty, fraud, and negligence in the construction of the house. The plaintiff appeals.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Garcia v Polsky, Shouldice & Rosen, P.C., [*2]161 AD3d 828, 829 [internal quotation marks omitted]; see Gould v Decolator, 121 AD3d 845, 847). "On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Pacific W., Inc. v E & A Restoration, Inc., 178 AD3d 834, 835; see Leon v Martinez, 84 NY2d 83, 87-88). When evidentiary material is submitted on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, "the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Pacific W., Inc. v E & A Restoration, Inc., 178 AD3d at 835; see Leon v Martinez, 84 NY2d at 88).
We agree with the Supreme Court's determination to grant those branches of the defendants' motion which were to dismiss the causes of action alleging breach of contract and breach of warranty insofar as asserted against KOS. "The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach" (Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d 714, 715; see Legum v Russo, 133 AD3d 638, 639). The defendants' submissions conclusively established that KOS was not a party to the Contract of Sale or a warrantor under the limited warranty, and thus, is not liable for any breaches thereunder (see Natoli v NYC Partnership Hous. Dev. Fund Co., Inc., 103 AD3d 611, 613; Pacific Carlton Dev. Corp. v 752 Pac., LLC, 62 AD3d 677, 678).
We agree with the Supreme Court's grant of that branch of the defendants' motion which was to dismiss the cause of action alleging breach of contract insofar as asserted against Seneca. The complaint alleged that Seneca breached the Contract of Sale, in part, based on its purported failure to construct the house pursuant to certain written specifications. The defendants' submissions conclusively demonstrated that the specifications, which was unsigned and undated, was not referenced or incorporated into the Contract of Sale, and thus, utterly refuted the allegation that Seneca breached any purported contractual duty arising therefrom (cf. Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1076; Bianocone v Bossi, 24 AD3d 582, 584).
The complaint also alleged that Seneca breached the Contract of Sale because certain aspects of the house violated applicable provisions of the building code. The plaintiff relies on paragraph 10(a) of the Contract of Sale, which required Seneca to "comply with all notes or notices of violations of law . . . noted or issued as of the date of closing." The complaint, however, indicates that the plaintiff did not discover the purported violations until after he took possession of the house. The plain language of the subject provision applies only to notes or notices of violations issued as of the date of closing (see Roga v Westin, 212 AD2d 685, 685-686). Accordingly, the Contract of Sale, submitted by the defendants, utterly refuted the plaintiff's factual allegations concerning so much of the breach of contract cause of action as was predicated on alleged building code violations and served as a defense as a matter of law.
We further agree with the Supreme Court's determination granting that branch of the defendants' motion which was to dismiss the cause of action alleging breach of warranty insofar as asserted against Seneca. The limited warranty between the plaintiff and Seneca required, among other things, that "[w]ritten notice of any warranty claim must be made on the attached 'Notice of Warranty Claim' Form" and that "[t]he Warrantor's response to any complaint or request, other than a timely and properly completed Notice of Warranty Claim, will not impair, prejudice or otherwise affect any right of the Warrantor." Here, the defendants' submissions conclusively demonstrated that the plaintiff failed to comply with the notice requirements of the limited warranty (see generally Pinkus v V.F. Bldrs., 270 AD2d 470, 470).
We also agree with the Supreme Court's determination granting that branch of the defendants' motion which was to dismiss the cause of action alleging negligence in the construction [*3]of the house. "'[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated . . . . This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract'" (431 Conklin Corp. v Rice, 181 AD2d 716, 717, quoting Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389). The complaint failed to state a cause of action against Seneca to recover damages for the allegedly negligent construction of the house inasmuch as that cause of action is premised on Seneca's failure to comply with its obligations under the Contract of Sale, and no independent legal duty is alleged to have been violated (see generally Gallup v Summerset Homes, LLC, 82 AD3d 1658, 1660; Rothstein v Equity Ventures, 299 AD2d 472, 474). Additionally, the complaint failed to allege facts that would give rise to a duty owed by KOS to the plaintiff.
We disagree, however, with the Supreme Court's determination granting that branch of the defendants' motion which was to dismiss the fraud cause of action insofar as asserted against KOS. "In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421; see Hecker v Paschke, 133 AD3d 713, 716). Here, contrary to the defendants' contentions, the allegations in the complaint were sufficient to set forth a cause of action sounding in fraud insofar as asserted against KOS based on its alleged misrepresentations which induced the plaintiff to purchase the house.
We uphold, however, the dismissal of the fraud cause of action insofar as asserted against Seneca. "[A] cause of action premised upon fraud cannot lie where it is based on the same allegations as the breach of contract claim" (Fromowitz v W. Park Assoc., Inc., 106 AD3d 950, 951 [internal quotation marks omitted]; see Stangel v Zhi Dan Chen, 74 AD3d 1050; Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d 755). "Where, however, it is alleged that the defendant made misrepresentations of present facts that were collateral to the contract and served as an inducement to enter into the contract, a cause of action alleging fraudulent inducement is not duplicative of a breach of contract cause of action" (Did-it.com, LLC v Halo Group, Inc., 174 AD3d 682, 683; see Greenberg v Meyreles, 155 AD3d 1001, 1003). Here, the Contract of Sale contained a specific disclaimer provision pursuant to which the plaintiff disavowed reliance upon any representations, written or oral, extrinsic to that contract. Accordingly, the documentary evidence conclusively established Seneca's defense to the fraud cause of action, warranting its dismissal (see Natoli v NYC Partnership Hous. Dev. Fund Co., Inc., 103 AD3d at 613; Yellow Books Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc., 98 AD3d 663, 664).
In light of our determinations, we need not reach the plaintiff's remaining contentions.
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court