Emby Hosiery Corp. v Tawil (2021 NY Slip Op 04214)





Emby Hosiery Corp. v Tawil


2021 NY Slip Op 04214


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2019-12619
 (Index No. 502614/19)

[*1]Emby Hosiery Corporation, respondent,
v
Jack Tawil, etc., et al., appellants.


Law Offices of Jason J. Rebhun, P.C., New York, NY, for appellant.
Culhane Meadows, PLLC, New York, NY (David Jacoby of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated September 30, 2019. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Jack Tawil and Edouard Mann, pursuant to CPLR 3211(a) to dismiss the third, fourth, fifth, and sixth causes of action insofar as asserted against the defendants Wholesale in Motion Group, Inc., and Seasonal Closeouts, LLC, and to impose sanctions.
ORDERED that the order is affirmed insofar appealed from, with costs.
In February 2019, the plaintiff, an importer and distributor of goods, commenced this action against the defendants Wholesale in Motion Group, Inc., and Seasonal Closeouts, LLC (hereinafter together the corporate defendants), and the defendants Jack Tawil and Edouard Mann (hereinafter together the individual defendants), as the owners and/or operators of the corporate defendants. The complaint alleged that the defendants failed to pay for products they had ordered from the plaintiff. The complaint also alleged that the individual defendants induced the plaintiff to continue selling and shipping products to the corporate defendants by misrepresenting to the plaintiff that the corporate defendants would pay their debts to the plaintiff, but thereafter stopped payment on checks previously tendered to the plaintiff and gave false statements to various credit card companies so that the companies would reverse payments made to the plaintiff. The complaint set forth the following causes of action: on an account stated against the corporate defendants as the first cause of action, breach of contract as the second cause of action, implied and/or quasi contract against the corporate defendants as the third cause of action, unjust enrichment against the corporate defendants as the fourth cause of action, fraud as the fifth cause of action, and defamation as the sixth cause of action.
The plaintiffs' counsel served subpoenas dated July 26, 2019, on various financial institutions, demanding documents related to the defendants. Prior to answering the complaint, the defendants moved, inter alia, to quash the subpoenas, to impose sanctions against the plaintiff's counsel relating to the issuance of the subpoenas, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the individual defendants, and pursuant to CPLR 3211(a)(7) to dismiss the third, fourth, fifth, and sixth causes of action insofar as asserted against the corporate defendants. The Supreme Court denied that branch of the motion which was to quash the subpoenas as academic on the ground the plaintiff withdrew the subpoenas; denied that branch of the motion [*2]which was to impose sanctions, finding that the plaintiff's counsel's conduct did not constitute frivolous conduct as defined by 22 NYCRR 130-1.1(c); and denied those branches of the motion which were pursuant to CPLR 3211(a) to dismiss. The defendants appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Greenberg v Spitzer, 155 AD3d 27, 41; see Rodriguez v Daily News, L.P., 142 AD3d 1062, 1063; Rosner v Amazon.com, 132 AD3d 835, 836-837). "In a defamation action, '[t]he complaint must set forth the particular words allegedly constituting defamation, and it must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made'" (Kimso Apts., LLC v Rivera, 180 AD3d 1033, 1034, quoting Epifani v Johnson, 65 AD3d 224, 233). Contrary to the defendants' contentions, the sixth cause of action stated a cause of action for defamation, as it alleged that the individual defendants made false statements both orally and in writing to credit card companies in November and December 2018, and set forth the particular words used (see Greenberg v Spitzer, 155 AD3d at 44, 47; Sokol v Leader, 74 AD3d 1180, 1183). Contrary to the defendants' contention, the defendants' alleged statements that the plaintiff had issued fraudulent invoices are defamatory in nature as alleged in the complaint, as a statement that "tends to injure the plaintiff in her or his trade, business or profession" is defamatory (Levy v Nissani, 179 AD3d 656, 658).
"The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). CPLR 3016(b) requires that the circumstances underlying a cause of action based in fraud be "stated in detail." "A cause of action to recover damages for fraud will not lie where the only fraud claimed arises from the breach of a contract" (Gorman v Fowkes, 97 AD3d 726, 727; see Selinger Enters., Inc. v Cassuto, 50 AD3d 766, 768; Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1076). However, if the complaint alleges a misrepresentation of "present facts that [are] collateral to the contract and served as an inducement to enter into the contract, [then] a cause of action alleging fraudulent inducement is not duplicative of a breach of contract cause of action" (Did-it.com, LLC v Halo Group, Inc., 174 AD3d 682, 683).
Here, the fraud cause of action is not duplicative of the breach of contract cause of action. Although both causes of action are based on the same facts, the plaintiff's fraud cause of action alleges that the defendants induced the plaintiff to sell the defendants more product during the holiday season with a misrepresentation of a present fact collateral to the contract, i.e., that the defendants would pay the plaintiff all of the monies owed with respect to prior orders despite knowing that the corporate defendants' bank accounts did not have sufficient funds to cover those costs (see Kollatz v KOS Bldg. Group, LLC, 188 AD3d 1175, 1179; Did-it.com, LLC v Halo Group, Inc., 174 AD3d at 683). Furthermore, the complaint was pleaded with the particularity necessary to sustain a cause of action alleging fraud (see CPLR 3016[b]).
Moreover, the causes of action alleging unjust enrichment and those sounding in quasi-contract are not duplicative of the breach of contract cause of action. The complaint asserts these causes of action as alternate theories of recovery, and where a bona fide dispute exists as to the existence of a contract, the plaintiff need not elect its remedies and may proceed upon theories of unjust enrichment or quasi-contract (see Karimian v Time Equities, Inc., 164 AD3d 486, 490; DePasquale v Estate of DePasquale, 44 AD3d 606, 607).
Additionally, the plaintiff adequately pleaded allegations against the individual defendants with respect to those causes of action asserted against them for the alleged wrongs [*3]committed by them (see Minico Ins. Agency, LLC v AJP Contr. Corp., 166 AD3d 605, 606-608; Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 767; see e.g. Michael v Atlas Restoration Corp., 159 AD3d 980, 982). Further, "[i]n actions for fraud, corporate officers and directors may be held individually liable if they participated in or had knowledge of the fraud, even if they did not stand to gain personally" (Polonetsky v Better Homes Depot, 97 NY2d 46, 55; see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491; Minico Ins. Agency, LLC v AJP Contr. Corp., 166 AD3d at 607-608). The plaintiff alleged specific misrepresentations, intentionally made by the individual defendants in the context of purchasing more goods from the plaintiff despite outstanding balances owed to the plaintiff, and that the plaintiff relied upon that misrepresentation to its detriment.
The defendants' remaining contention is without merit.
LASALLE, P.J., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court