Trump Vil. Section 4, Inc. v Vilensky (2022 NY Slip Op 00895)





Trump Vil. Section 4, Inc. v Vilensky


2022 NY Slip Op 00895


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2019-04131
 (Index No. 522355/16)

[*1]Trump Village Section 4, Inc., respondent,
v
Gene Vilensky, etc., appellant.


Jeanette Zelhof, New York, NY (Andrew Darcy of counsel), for appellant.
Malvina Lin, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and to rescind the conveyance of a cooperative apartment, the defendant appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated February 19, 2019. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211(a)(7), in effect, to dismiss the first cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a private cooperative residential apartment complex, commenced this action to rescind the conveyance of the shares appurtenant to a certain cooperative apartment purchased by the defendant in 2014. The first cause of action in the complaint sought damages for fraud, alleging that the defendant intentionally misrepresented in his purchase application for the subject apartment that he would be the sole occupant and use it as his private residence. The first cause of action alleges that the defendant instead sublets the subject apartment on a short-term basis as part of a "real estate business," that the defendant's misrepresentations in the purchase application regarding his intent to use the subject apartment as a private residence induced the plaintiff to approve the defendant's purchase application, and that the parties entered into an "occupancy agreement" for the subject apartment which prohibits its use "for any purpose other than a private dwelling apartment for the [defendant] and his family." The plaintiff moved pursuant to CPLR 3211(a)(7), in effect, to dismiss the first cause of action on the grounds that it sounded in breach of contract and was otherwise insufficiently pleaded. In an order dated February 19, 2019, the Supreme Court, among other things, denied the defendant's motion. The defendant appeals.
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318; Tsinias Enters. Ltd. v Taza Grocery, Inc., 172 AD3d 1271, 1273). Where a cause of action is based upon fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]). "'A cause of action to recover damages for fraud will not lie where the only fraud claimed arises from the breach of a contract'" (Emby Hosiery Corp. v Tawil, 196 AD3d 462, 464, quoting Gorman v Fowkes, 97 AD3d 726, 727; see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807-808; Fromowitz v W. Park Assoc., Inc., 106 AD3d 950, 951). "General allegations that a [*2]party entered into a contract while lacking the intent to perform it are insufficient to support a claim of fraudulent inducement" (Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d at 807; see Fromowitz v W. Park Assoc., Inc., 106 AD3d at 951). However, "if the complaint alleges a misrepresentation of 'present facts that [are] collateral to the contract and served as an inducement to enter into the contract,'" then a cause of action for fraudulent inducement may lie (Emby Hoisery Corp. v Tawil, 196 AD3d at 464, quoting Did-it.com, LLC v Halo Group, Inc., 174 AD3d 682, 683; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389).
Here, contrary to the defendant's contention, the first cause of action does not allege merely that the defendant misrepresented his intent to perform under the occupancy agreement. Rather, this cause of action alleges that the defendant made misrepresentations of fact on his purchase application that were collateral to the occupancy agreement, and that those misrepresentations induced the plaintiff to approve the defendant's purchase application, resulting in the plaintiff's failure to exercise its right of first refusal to purchase the subject apartment (see Emby Hoisery Corp. v Tawil, 196 AD3d 462; Did-it.com, LLC v Halo Group, Inc., 174 AD3d 682; cf. Board of Mgrs. of the Soundings Condominium v Foerster, 138 AD3d 160). In addition, the elements of this cause of action were each pleaded with sufficient detail (see CPLR 3016[b]).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a)(7), in effect, to dismiss the first cause of action.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court