Shahid v Bienstock (2022 NY Slip Op 05344)

Shahid v Bienstock

2022 NY Slip Op 05344

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-05799
 (Index No. 2881/18)

[*1]Abdus Shahid, appellant, 
v
Martin A. Bienstock, respondent. Abdus Shahid, Brooklyn, NY, appellant pro se.

Law Office of Bernard D'Orazio & Associates, P.C., New York, NY, for respondent.

DECISION & ORDER
In an action to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J), dated April 18, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for fraud against the defendant, Martin A. Bienstock, a New York City Marshall, alleging that the defendant fabricated a judgment against him in the amount of $328,797.86, and enforced that judgment. The defendant moved for summary judgment dismissing the complaint. In an order dated April 18, 2019, the Supreme Court granted the motion, and the plaintiff appeals.
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318; Trump Vil. Section 4, Inc. v Vilensky, 202 AD3d 865, 865-866).
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendant adduced evidence that he received executions issued by an attorney for the New York City Department of Finance based upon a series of final orders rendered against the plaintiff by the New York City Environmental Control Board (hereinafter ECB) docketed in the Civil Court of the City of New York. Pursuant to New York City Charter § 1049-a(d)(1)(g), final orders of the ECB constitute judgments that may be enforced without court proceedings. Further, in support of his motion, the defendant submitted an affidavit stating that he attempted to levy the judgments against the plaintiff's bank accounts and recovered no funds. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court