21-797-cv
*Kumaran v. Northland Energy Trading, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

THE A STAR GROUP, INC., DBA TIMETRICS,
SAMANTHA SIVA KUMARAN,

> *Plaintiffs-Appellants*,

> v.

NORTHLAND ENERGY TRADING, LLC, HEDGE
SOLUTIONS, INC., RICHARD M. LARKIN, DANIEL
LOTHROP, DOMENIC BRAMANTE,

> *Defendants-Appellees*.

21-797 (L), 21-798 (Con),
22-743 (Con), 22-771 (Con)

_____

For Plaintiff-Appellant Kumaran:        SAMANTHA SIVA KUMARAN,
                                        pro se, New York, NY.

For Plaintiff-Appellant
A Star Group, Inc.:

BRIAN S. GINSBERG, Harris
Beach PLLC, New York, NY
(David S. Kostus, Kostus
Law, LLC, Lodi, NJ, *on the
brief*).

For Defendants-Appellees:

MICHAEL KWON (Ellen
Tobin, *on the brief*),
Westerman Ball Ederer
Miller Zucker & Sharfstein,
LLP, Uniondale, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, *J.)*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and the matter is **REMANDED** for further proceedings consistent with this order.

Plaintiffs-Appellants Samantha Siva Kumaran and A Star Group, Inc., the former proceeding pro se, appeal the district court's dismissal of their complaint which charged the Defendants-Appellees Northland Energy Trading, LLC, Hedge Solutions, Inc., and related individuals with stealing trade secrets and misappropriating their intellectual property. The complaint, among other claims, alleged that the Defendants-Appellees fraudulently induced a 2016 settlement agreement by misrepresenting that they were not misappropriating the relevant intellectual property when, in fact, they were. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "accepting all factual allegations in the complaint as true and drawing

all inferences in the plaintiff's favor." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). A complaint survives dismissal under Rule 12(b)(6) if it alleges sufficient facts to state a plausible claim to relief. *See Pauwels v. Deloitte LLP*, 83 F.4th 171, 178 (2d Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When interpreting New York law, we are bound by the decisions of the New York Court of Appeals and consider decisions of the Appellate Division to be "helpful indicators of how the [Court of Appeals] would rule." *10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 21 F.4th 216, 221 (2d Cir. 2021).

Having carefully reviewed the pleadings and the documents extraneous to the proceedings that we (and the district court) may consider, we affirm most of the judgment for substantially the same reasons given by the district court. However, we disagree with the dismissal on one narrow ground—which, in turn, requires vacatur of other portions of the dismissal that were reliant on that ground.

At issue is the fraudulent inducement claim, which (as explained above) is based on the Defendants-Appellees' alleged ongoing misuse of the intellectual property at the time of the 2016 settlement agreement, while representing the contrary in the agreement itself. The complaint claimed, in relevant part, that this misrepresentation was intended to fraudulently induce the Plaintiffs-Appellants into signing the agreement.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015) (quoting Fed. R. Civ. P. 9(b)). This "requires that the plaintiff (1) detail

3

the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 403 (2d Cir. 2015) (internal quotation marks omitted). Under New York law, a plaintiff who seeks to invalidate a release due to fraudulent inducement "must establish the basic elements of fraud, namely a representation of material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury." *Centro Empresarial Cempresa S.A. v. América Móvil, S.A.B. de C.V.*, 929 N.Y.S.2d 3, 8 (2011) (internal quotation marks omitted).

We conclude that the Plaintiffs-Appellants adequately pleaded a fraudulent inducement claim—one that, significantly, was not duplicative of the breach of contract claims and thus was not subject to dismissal simply because the contract claim failed. Under New York law, a fraudulent inducement claim is independent of a related claim of breach of contract if it "allege[s] misrepresentations of present fact, not merely misrepresentations of future intent to perform under the contract," and the alleged breach of duty is "separate from or in addition to the contract duty." *Wyle Inc. v. ITT Corp.*, 13 N.Y.S.3d 375, 376–77 (1st Dep't 2015); *see also Trump Vill. Section 4, Inc. v. Vilensky*, 158 N.Y.S.3d 883, 884 (2d Dep't 2022) (requiring facts "collateral to the contract" that serve as an "inducement to enter into the contract" (internal quotation marks omitted)). Fraudulent inducement claims can also be based on "a breach of contractual warranties notwithstanding the existence of a breach of contract." *Wyle*, 13 N.Y.S.3d at 377 (distinguishing cases involving contractual representations relating to "future performance"); *see also MBIA Ins.*

4

*Corp. v. Countrywide Home Loans, Inc.*, 928 N.Y.S.2d 229, 234 (1st Dep't 2011) ("It is of no consequence that some of the allegedly false representations are also contained in the agreements as warranties and form a basis of the breach of contract claim.").

At the outset, the complaint pleaded with the requisite particularity the basic elements for an underlying common law fraudulent inducement claim. The Plaintiffs-Appellants alleged that the Defendants-Appellees actively misrepresented that they had not kept a copy of the software, which they might use to clone the Plaintiffs-Appellants' program and deprive them of royalties and licensing fees, all while negotiating an agreement that contained a broad release of liability and was premised on the absence of such misconduct. These allegations were pleaded with the requisite particularity because the Plaintiffs-Appellants alleged that they were made during the settlement agreement negotiations, during phone conversations, in person at a coffee shop on specific dates, and in writing in the settlement agreement itself.

Second, the claims are not duplicative of the breach of contract claims because they rely on a representation and warranty in the parties' 2016 settlement agreement pertaining to present facts. In deciding otherwise, the district court relied on language from *Project Cricket Acquisition, Inc. v. FCP Investors VI, L.P.*, 74 N.Y.S.3d 517, 519 (1st Dep't 2018), which dismissed a fraudulent inducement claim "as duplicative of the breach of contract claims to the extent it [was] based on the falsity of the representations and warranties" made in a stock purchase agreement.[1] But *Project Cricket* applied Delaware law, not New York law. *See id.* at 600 ("We

---

[1] The district court also relied on our decision in *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13, 20 (2d Cir. 1996), but *Bridgestone* did not address the warranty/promise distinction discussed above.

5

decide the substantive legal issues pursuant to Delaware law in accordance with the . . . choice of law provision."). Under New York law, the breach of a warranty—which is "not a promise of performance, but a statement of present fact"—can be collateral to the contract precisely because it is not otherwise actionable under a claim for breach of a contractual promise. *Wyle*, 13 N.Y.S.3d at 378 (internal quotation marks and emphasis omitted).

Accordingly, we conclude that the operative complaint adequately pleaded fraudulent inducement arising out of the warranties in the settlement agreement, and we vacate the dismissal of that claim.

The district court also dismissed the common law fraud claims predating the settlement and claims raising breaches of an earlier non-disclosure agreement based on the broad release of claims found in the settlement agreement. Yet if the settlement agreement was the product of fraudulent inducement, the release itself might be invalidated. *See GoSmile, Inc. v. Levine*, 915 N.Y.S.2d 521, 525 (1st Dep't 2010) ("To be sure, if plaintiff is able to prevail on its fraudulent inducement claim and its request for rescission, the 2008 agreements (and the releases contained therein) may be rendered void."). Accordingly, we vacate the dismissal of those claims as well.

6

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order.  Appellant Kumaran's motion to file an oversized reply brief is **DENIED** as unnecessary.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court