Flushing AV Laundromat, Inc. v Dekao Qu (2024 NY Slip Op 03735)

Flushing AV Laundromat, Inc. v Dekao Qu

2024 NY Slip Op 03735

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-00832
2022-06529
 (Index No. 504585/14)

[*1]Flushing AV Laundromat, Inc., plaintiff, Ying Lin, respondent, 
v
Dekao Qu, et al., defendants third-party plaintiffs-appellants; 854-856 Flushing Realty, LLC, et al., third-party defendants.

Robert J. Adinolfi, Flushing, NY, for defendants third-party plaintiffs-appellants.
Law Offices of Xuejie Wong PLLC, Flushing, NY (Leo L. Clarke of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a promissory note and a related third-party action, the defendants third-party plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated November 15, 2019, and (2) a judgment of the same court dated July 15, 2022. The order granted those branches of the motion of the plaintiff Ying Lin which were for summary judgment on the issue of liability on the cause of action to recover on the promissory note insofar as asserted by that plaintiff and, in effect, dismissing the counterclaims alleging breach of contract, unjust enrichment, and fraudulent inducement insofar as asserted against her, and, sua sponte, deemed the third-party complaint a nullity. The judgment, upon the order and after a hearing on the issue of damages, is in favor of the plaintiff Ying Lin and against the defendants third-party plaintiffs in the total sum of $277,909.73, and, in effect, dismissing the counterclaims alleging breach of contract, unjust enrichment, and fraudulent inducement insofar as asserted against that plaintiff and the third-party complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, those branches of the motion of the plaintiff Ying Lin which were for summary judgment on the issue of liability on the cause of action to recover on the promissory note insofar asserted by that plaintiff and, in effect, dismissing the counterclaims alleging breach of contract, unjust enrichment, and fraudulent inducement insofar as asserted against her are denied, those counterclaims and the third-party complaint are reinstated, and the order dated November 15, 2019, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants third-party plaintiffs.
The appeal from the intermediate order must be dismissed as a portion of the order was made sua sponte (see CPLR 5701[a][2]) and the right of direct appeal from the remaining portions of the order terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have [*2]been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff Flushing AV Laundromat, Inc. (hereinafter Flushing AV), of which the plaintiff Ying Lin was president, entered into an agreement entitled "Assignment Agreement with Lease Modification" (hereinafter the Agreement) with the defendant third-party plaintiff Good Luck Laundromat, Inc. (hereinafter Good Luck), of which the defendant third-party plaintiff Dekao Qu was president (hereinafter together the defendants). The Agreement included a provision assigning Flushing AV's 15-year lease for certain premises owned by 854-856 Flushing Realty LLC (hereinafter the landlord), to Good Luck. An assignment of the lease required the consent of the landlord. Although the landlord did not sign the Agreement containing the assignment, the defendants allegedly paid the plaintiffs under the Agreement, and executed a promissory note in the amount of $80,000 in favor of the plaintiffs.
The plaintiffs commenced this action, inter alia, to recover on the promissory note, which they alleged the defendants never paid. The defendants interposed an answer in which they asserted, among other things, defenses and counterclaims alleging breach of contract, unjust enrichment, and fraudulent inducement. The landlord subsequently commenced a holdover proceeding based on Good Luck's alleged failure to pay rent. After a hearing in the holdover proceeding, Good Luck was found to be a month-to-month tenant and evicted from the premises. The defendants commenced a third-party action against the landlord and a related entity to recover damages resulting from the landlord's failure to follow through with the assignment of the lease.
In this action, Lin moved, inter alia, for summary judgment on the issue of liability on the cause of action to recover on the promissory note insofar as asserted by her and, in effect, dismissing the counterclaims alleging breach of contract, unjust enrichment, and fraudulent inducement insofar as asserted against her. The Supreme Court granted those branches of the motion, rejecting the majority of the defendants' evidence submitted in opposition as inadmissible or incompetent. The court also, sua sponte, deemed the third-party complaint a nullity for failure to comply with certain filing requirements.
The matter proceeded to a hearing on the issue of damages, resulting in a judgment in favor of Lin and against the defendants and, in effect, dismissing the third-party complaint. The defendants appeal from the judgment.
The defendants' contention that Lin's failure to annex the pleadings to her motion papers (see CPLR 3212[b]) was a fatal defect is without merit. Lin attached a copy of the pleadings to her reply papers (see id. § 2001), and a complete set of papers was available for the Supreme Court's consideration, as the papers were filed electronically (see Sensible Choice Contr., LLC v Rodgers, 164 AD3d 705). Further, Lin established her prima facie entitlement to judgment as a matter of law through her submission of the promissory note, which contained an unequivocal and unconditional obligation to pay, and evidence that the defendants failed to make payment in accordance with the terms of the promissory note (see Yong Lee v Nextcom Constr., Inc., 219 AD3d 937, 937; Margarella v Ullian, 164 AD3d 898, 899).
However, the Supreme Court should not have rejected the defendants' answer and an affidavit from Qu submitted in opposition to the motion, on the ground that they purportedly failed to meet the requirements of CPLR 2101(b) (cf. Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 54). Lin waived any such deficiency in the defendants' submissions, as she failed to raise the issue in the Supreme Court (see CPLR 2101[f]; Lefkowitz v Kelly, 170 AD3d 1148). This failure deprived the defendants of the opportunity to controvert the alleged deficiency (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202).
Further, the defendants sufficiently demonstrated that the branch of Lin's motion which was for summary judgment on the issue of liability on the cause of action to recover on the promissory note insofar as asserted by her was premature, as facts essential to justify opposition to that branch of the motion were exclusively within the knowledge and control of the plaintiffs and the landlord (see CPLR 3212[f]; A. L. v Able Healthcare Servs., Inc., 189 AD3d 813, 813; Fisher [*3]v City of New York, 128 AD3d 763). In their answer and counterclaims, as well as in Qu's affidavit, the defendants alleged that they were fraudulently induced into executing the promissory note, based upon specific allegations of misrepresentations made by the plaintiffs, outside the terms of the promissory note (see Kollatz v KOS Bldg. Group, LLC, 188 AD3d 1175, 1179; see also Reiser, Inc. v Roberts Real Estate, 292 AD2d 726, 729; Eurotech Dev. v Adirondack Pennysaver, 224 AD2d 738, 739). Additional facts regarding intent are in the exclusive knowledge of the plaintiffs and/or the landlord.
Moreover, Lin failed to establish her prima facie entitlement to judgment as a matter of law dismissing the counterclaim alleging fraudulent inducement insofar as asserted against her, as she failed to submit evidence to address and rebut these allegations (see Kollatz v KOS Bldg. Group, LLC, 188 AD3d at 1179). Accordingly, the Supreme Court should have denied that branch of Lin's motion which was for summary judgment, in effect, dismissing this counterclaim insofar as asserted against her, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Lin also failed to establish her prima facie entitlement to judgment as a matter of law dismissing the counterclaims alleging breach of contract and unjust enrichment insofar as asserted against her, as she failed to submit evidence to address and rebut these allegations. Regarding the counterclaim alleging breach of contract, the defendants alleged that the plaintiffs failed to fulfill their contractual obligation to obtain the landlord's consent to the assignment of lease (see 34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44). Inasmuch as the defendants alleged that they were fraudulently induced into entering into the potentially relevant contracts, there is a bona fide dispute as to the existence of a contract covering the subject matter, the counterclaim alleging unjust enrichment is not duplicative of the counterclaim alleging breach of contract, and both theories may be pleaded in the alternative (see Karimian v Time Equities, Inc., 164 AD3d 486; Robinson v Day, 103 AD3d 584, 586). Accordingly, the Supreme Court should have denied those branches of Lin's motion which were for summary judgment, in effect, dismissing the counterclaims alleging breach of contract and unjust enrichment insofar as asserted against her, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court also should not have, sua sponte, deemed the third-party complaint a nullity on the ground that the defendants purportedly failed to pay a filing fee for the third-party complaint. An electronically filed receipt shows that the filing fee was paid. Judicial notice may be taken of a record in the action by a court at any stage of the litigation, even on appeal (see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 126-127). The court also should not have deemed the third-party complaint a nullity on the ground that it was not properly verified (see CPLR 3020[a]). Lin did not assert any objection to the validity of the verification with due diligence, as required by CPLR 3022 (see id. § 2101[f]; Matter of Miller v Board of Assessors, 91 NY2d 82, 86 n 3; Rozz v Law Offs. of Saul Kobrick, P.C., 134 AD3d 920). In addition, Lin failed to claim any prejudice that would weigh against disregarding such a defect (see Matter of Miller v Board of Assessors, 91 NY2d at 87).
In light of our determination, the contentions of the defendants and Lin regarding the damages award need not be reached.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court