■ KEITH BLOOM et al., Respondents, v JENASAQUA REALTY HOLDING COMPANY, Appellant.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendant appeals (1) from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered June 2, 1989, after a nonjury trial, which, *inter alia,* granted the plaintiffs specific performance of the contract, and (2), as limited by its brief, from so much of a supplemental judgment of the same court entered September 12, 1989, as awarded the plaintiffs the principal sum of $21,350 as attorney's fees.

Ordered that the judgment entered June 2, 1989, is affirmed, without costs or disbursements; and it is further,

Ordered that the supplemental judgment entered September 12, 1989, is reversed, on the law, without costs or disbursements, and the plaintiffs' motion for attorney's fees is denied.

The defendant, Jenasaqua Realty Holding Co. (hereinafter Jenasaqua), contracted to sell real property to three individuals. Under the contract, the purchasers had the right to add a fourth purchaser and to assign the contract to a corporation. The purchase price of the property was $400,000, and part of this was to be financed with a purchase money mortgage given by Jenasaqua. The individual purchasers were to jointly and severally guarantee the obligations of any assignee corpora-

tion, and also jointly and severally personally guarantee the payment of the purchase money mortgage. The contract also contained a provision to the effect that the parties would deliver any requested document which was necessary to give effect to the provisions in the contract.

At what was to be the closing, Jenasaqua presented a Guaranty to be executed by the purchasers. This Guaranty contained a provision whereby the purchasers waived any defenses, offsets or counterclaims and a provision making the purchasers responsible for the restoration of the premises in the event that the premises were not fully insured and a fire occurred. The purchasers objected to these provisions, stating that they had not been agreed to and the closing was not concluded. The purchasers then commenced this action, *inter alia*, for specific performance.

We find that the court properly granted the purchasers specific performance as the provisions objected to by the purchasers had not been agreed to by the parties. As to Jenasaqua's claims that it was the purchasers who breached the contract by making certain demands, we find that these demands did not cause the closing not to be concluded. Therefore, performance by the purchasers was excused by the demands by Jenasaqua. Further, the purchasers testified that they were ready, willing and able to perform *(see, Jewell v Rowe,* 119 AD2d 634).

However, we find that the court erred in awarding attorney's fees to the purchasers. Generally, attorney's fees may not be awarded absent an agreement between the parties or a statute or court rule authorizing them *(see, Matter of A. G. Ship Maintenance v Lezak,* 69 NY2d 1; *cf., Check-Mate Indus. v Say Assocs.,* 104 AD2d 392).

We have considered Jenasaqua's remaining contentions and find them to be without merit. Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.