■ STUART M. SIEGER et al., Appellants, v LOUIS ZAK et al., Respondents. [904 NYS2d 746]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 18, 2009, which granted the defendants' motion for leave to reargue that branch of their prior cross motion which was for summary judgment dismissing the plaintiffs' claims for punitive damages, and, upon reargument, vacated the original determination in an order entered June 11, 2009, denying that branch of the defendants' cross motion, and thereupon granted that branch of the defendants' cross motion.

Ordered that the order is modified, on the law, by deleting the provision thereof vacating the original determination in an order entered June 11, 2009, denying that branch of the defendants' cross motion which was for summary judgment dismissing the plaintiffs' claims for punitive damages, and thereupon granting that branch of the defendants' cross motion and substituting therefor a provision adhering to the original determination in the order entered June 11, 2009, denying that branch of the defendant's cross motion; as so modified, the order entered November 18, 2009, is affirmed, with costs to the plaintiff.

Contrary to the Supreme Court's conclusion, the defendants failed to demonstrate the absence of any triable issues of fact as to the plaintiffs' claims for punitive damages relative to their tort causes of action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Viewing the evidence in the light most favorable to the plaintiffs, a rational jury could conclude that, through fraudulent misrepresentation and concealment, the defendant Louis Zak, as the majority shareholder of the defendant PowerSystems International, Inc., abused a position of trust with respect to the plaintiff minority shareholders, by inducing them to sell their shares before the optimal time for doing so, and at a price below market value, so that he could maximize his own profit from the sale of the company. This evidence raised a triable issue as to whether Zak engaged in "conduct having a high degree

of moral culpability which manifest[ed] a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard" (*Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 203 [1990] [internal citations and quotation marks omitted]; *see Giblin v Murphy*, 73 NY2d 769, 772 [1988]; *Stein v McDowell*, 74 AD3d 1323 [decided herewith]; *Randi A. J. v Long Is. Surgi-Ctr.*, 46 AD3d 74, 81 [2007]; *Green v Leibowitz*, 118 AD2d 756, 758 [1986]; *see generally Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007]). Accordingly, while it was proper to grant reargument, upon reargument, the Supreme Court should have adhered to the original determination denying that branch of the defendants' cross motion which was for summary judgment dismissing the plaintiffs' claims for punitive damages. Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur.
**[Prior Case History: 2009 NY Slip Op 32766(U).]**