■ JUDITH STEIN et al., Respondents, v WARREN MCDOWELL, Appellant, et al., Defendants. [905 NYS2d 242]—

In an action, inter alia, for a judgment declaring that the plaintiffs' decedent Kenneth F. Stein, Jr., was a 50% owner of Lone Hill Properties, Inc., and for an accounting, the defendant

Warren McDowell appeals from an order and judgment (one paper), of the Supreme Court, Suffolk County (Hudson, J.), entered February 23, 2007, which, after a nonjury trial, inter alia, declared that Kenneth F. Stein, Jr., owned 20 of the 40 shares of Lone Hill Properties, Inc., at the time of his death, directed an accounting, awarded the plaintiffs judgment on the issue of liability on their causes of action sounding in breach of fiduciary duty, unjust enrichment, and fraud, failed to strike the plaintiffs' demand for punitive damages, imposed a constructive trust on certain real property held by the defendant Lone Hill Properties, Inc., and directed that defendant to return the real property to the plaintiff Judith Stein, and awarded the plaintiffs an attorney's fee in the principal sum of $373,318.30.

Ordered that the appeal from so much of the order and judgment as imposed a constructive trust on certain real property held by the codefendant Lone Hill Properties, Inc., and directed the return of that property to the plaintiff Judith Stein is dismissed, on the ground that the appellant Warren McDowell is not aggrieved thereby (see CPLR 5511; Lukas v Trump, 281 AD2d 400 [2001]); and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the eighteenth decretal paragraph thereof granting the plaintiffs judgment on the issue of liability on the cause of action sounding in fraud, and substituting therefor a provision dismissing that cause of action; as so modified, the order and judgment is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The instant case involves a dispute over the ownership and assets of Lone Hill Properties, Inc. (hereinafter Lone Hill). Pursuant to a shareholders' agreement dated January 5, 1992, signed by the plaintiffs' decedent Kenneth F. Stein, Jr. (hereinafter Stein), and the defendant Warren McDowell (hereinafter McDowell), Stein and McDowell each owned 20 shares of the 40 shares of stock issued by Lone Hill. However, after the death of Stein on February 26, 2000, McDowell claimed that Stein did not own shares in Lone Hill and he, McDowell, was sole shareholder.

The plaintiffs, as executors of Stein's estate, commenced the instant action in February 2001. After a nonjury trial, the Supreme Court ruled in favor of the plaintiffs and against McDowell, directed an accounting, and submitted to a referee the issues of compensatory damages, and punitive damages, for breach of fiduciary duty and fraud. The order and judgment directed Lone Hill to return certain real property which Stein and his wife Judith Stein conveyed to Lone Hill, pursuant to

the theory of a constructive trust. Since the parties stipulated that the amount of an attorney's fee to be awarded could be determined based upon affidavits, the issue of the amount of an attorney's fee to be awarded was not submitted to the referee. The Supreme Court awarded the plaintiffs an attorney's fee in the principal sum of $373,318.30, on the ground that the defendants acted in bad faith. and for the "dual purpose of constituting the award for sanctions" for engaging in frivolous litigation as defined in 22 NYCRR 130-1.1.

The evidence adduced at the trial established that McDowell acknowledged on multiple occasions, before and after Stein's death, that Stein was a 50% shareholder of Lone Hill, and the shareholders' agreement for Lone Hill so stated. McDowell contends that the shareholders' agreement was not admissible as evidence, as it failed to state a purchase price for the shares. McDowell and Stein used a form shareholders' agreement, which included a buyout provision in section 6, in the event a shareholder wanted to sell his or her shares. The space for the price for the repurchase of shares was left blank. Although a buyout provision is generally enforceable (*see Matter of Cetta*, 288 AD2d 814, 815 [2001]; *Matter of Gusman*, 178 AD2d 597, 598 [1991]), it is not mandatory (*see Matter of Reichenbaum*, 214 AD2d 48 [1995]). The omission of the price from the buyout provision meant that the shareholders' agreement contained no buyout provision (*see Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp.*, 81 AD2d 168, 181 [1981]). The absence of such a provision is not material to this case, since the plaintiffs do not seek to sell their shares.

McDowell further contends that the trial court improperly credited the testimony of Lone Hill's accountant, who prepared its tax returns, that statements on those tax returns that McDowell owned 100% of Lone Hill were mistakes, unfortunately carried over from year to year. However, that credibility determination is not troublesome, since McDowell himself never took the stand to refute the accountant's testimony. A strong adverse inference may be drawn against McDowell owing to his failure to testify in his own behalf (*see Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 42 [1980]; *Lefton v Freedman*, 163 AD2d 360, 362 [1990]; *Turner Press v Gould*, 76 AD2d 906 [1980]).

The general rule is that attorneys' fees are not compensable in the absence of statutory authority (*see City of Buffalo v Clement Co.*, 28 NY2d 241, 262-263 [1971]), court rule, or agreement (*see Bloom v Jenasaqua Realty Holding Co.*, 174 AD2d 644 [1991]). However, in the instant case, the award of an attorney's

fee was proper pursuant to 22 NYCRR 130-1.1, owing to Mc-Dowell's "frivolous conduct," which was "undertaken primarily to delay or prolong the resolution of the litigation" and involved "material factual statements that are false" (22 NYCRR 130-1.1) including the alteration of original bank documents to support his position (*see 317 W. 87 Assoc. v Dannenberg*, 159 AD2d 245 [1990]).

Contrary to McDowell's contention, he owed a fiduciary duty to his co-shareholder Stein and Stein's successors in interest which McDowell breached by usurping their ownership interest (*see Brunetti v Musallam*, 11 AD3d 280, 281 [2004]; *Matter of Cassata v Brewster-Allen-Wichert, Inc.*, 248 AD2d 710, 711 [1998]). However, the plaintiffs failed to establish a cause of action sounding in fraud against him, since it is clear from the record that they did not rely upon his misrepresentations (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Under the circumstances of this case, the plaintiffs' purported cause of action sounding in fraud is duplicative of their cause of action to recover damages for breach of fiduciary duty. Therefore, their fraud cause of action must be dismissed (*see Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 205 [2009]; *Maiolini v McAdams & Fallon, P.C.*, 61 AD3d 644, 645 [2009]). However, the plaintiffs' demand for punitive damages should not be stricken, since punitive damages are recoverable for breach of fiduciary duty, where, as here, it appears that the breach may demonstrate a high degree of "moral culpability" (*Giblin v Murphy*, 73 NY2d 769, 772 [1988]; *Sieger v Zak*, 74 AD3d 1319 [2010] [decided herewith]; *see Padilla v Verczky-Porter*, 66 AD3d 1481, 1484 [2009]).

McDowell's remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.