Appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered December 11, 2014. The order, insofar as appealed from, denied the plaintiff’s motion for summary judgment on the cause of action alleging breach of contract insofar as asserted against the defendant Advanced Air Ambulance Corp., and granted those branches of the defendants’ cross motion which were for summary judgment dismissing the cause of action alleging fraudulent inducement and dismissing so much of the complaint as sought to recover punitive damages.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants’ cross motion which were for summary judgment dismissing the cause of action alleging fraudulent inducement and dismissing so much of the complaint as sought to recover punitive damages, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
 

 The plaintiff, Neil H. Greenberg, and the defendant Advanced Air Ambulance Corp. (hereinafter AAAC) entered into an agreement dated October 18, 2012, pursuant to which AAAC was hired “for the air transport” of the plaintiff’s brother from Puerto Rico to New York on October 20, 2012. The agreement was signed on behalf of AAAC by the defendant A1 Meyreles. The agreement provided that a respiratory therapist would accompany the plaintiff’s brother during the transport, that the aircraft would be a “dedicated air ambulance,” and that the aircraft would be equipped with advanced life support medical equipment. According to the plaintiff, he relied upon various representations made by AAAC on its website, as well as representations made by Meyreles during several telephone conversations, that induced him to enter into the agreement. The plaintiff paid the sum of $24,490 to AAAC, and on October 20, 2012, the plaintiff’s brother was transported from San Juan, Puerto Rico, to the Bronx.
 

 The plaintiff commenced this action against the defendants, asserting causes of action sounding in breach of contract and fraudulent inducement. He alleged, among other things, that the defendants failed to provide a respiratory therapist, that the air ambulance was an antiquated jet, and that the aircraft was not equipped with advanced life support medical equipment. The plaintiff alleged that this conduct placed his brother in a “potentially life-threatening situation.” He sought to recover the sum of $24,490, as well as punitive damages in connection with his cause of action alleging fraudulent inducement.
 

 The plaintiff moved for summary judgment on the cause of action alleging breach of contract insofar as asserted against AAAC. The defendants cross-moved for summary judgment dismissing the complaint. In an order entered December 11, 2014, the Supreme Court, inter alia, denied the plaintiff’s motion, and granted those branches of the defendants’ cross motion which were for summary judgment dismissing the cause of action alleging fraudulent inducement and dismissing so much of the complaint as sought to recover punitive damages. The plaintiff appeals.
 

 We reject the defendants’ contention that the appeal should be dismissed as untimely taken. Initially, we note that the defendants did not move to dismiss the appeal on this ground. In any event, there is no evidence in the record as to when, if ever, the order with notice of entry was served upon the plaintiff (see Ross v Ross Metals Corp., 111 AD3d 695, 697 [2013]; Zapata v County of Suffolk, 23 AD3d 553, 554 [2005]).
 

 The Supreme Court erred in granting that branch of the defendants’ cross motion which was for summary judgment dismissing the cause of action alleging fraudulent inducement. Contrary to the court’s determination, the cause of action alleging fraudulent inducement was not duplicative of the breach of contract cause of action, as it alleged that the defendants made misrepresentations of present fact that were collateral to the contract and served as an inducement to enter into the contract (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956 [1986]; J & D Evans Constr. Corp. v Iannucci, 84 AD3d 1171, 1172 [2011]; WIT Holding Corp. v Klein, 282 AD2d 527, 528 [2001]). Contrary to the defendants’ contention, they failed to establish, prima facie, that their alleged misrepresentations of fact were not false and, therefore, not misrepresentations at all (cf. Blagio Rest., Inc. v C.E. Props., Inc., 127 AD3d 1006, 1008 [2015]).
 

 The Supreme Court also erred in granting that branch of the defendants’ cross motion which was for summary judgment dismissing so much of the complaint as sought to recover punitive damages. The defendants failed to make a prima facie showing that they did not engage in conduct having a high degree of moral culpability which manifested a conscious disregard for the rights of others or conduct so reckless as to amount to such disregard (see Welch v Mr. Christmas, 57 NY2d 143, 150 [1982]; Sieger v Zak, 74 AD3d 1319, 1319-1320 [2010]; Randi A. J. v Long Is. Surgi-Ctr., 46 AD3d 74, 85 [2007]).
 

 The Supreme Court properly denied the plaintiff’s motion for summary judgment on the cause of action alleging breach of contract insofar as asserted against AAAC. The plaintiff failed to eliminate questions of fact as to whether AAAC breached the agreement (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
 

 Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.