Did-it.com, LLC v Halo Group, Inc. (2019 NY Slip Op 05644)





Did-it.com, LLC v Halo Group, Inc.


2019 NY Slip Op 05644


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2018-01735
 (Index No. 606044/17)

[*1]Did-it.com, LLC, appellant, 
v
Halo Group, Inc., et al., respondents.


Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Michael E. Planell of counsel), for appellant.
Schrier Shayne Koenig Samberg & Ryne, P.C., Garden City, NY (Richard E. Schrier of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent inducement and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered December 22, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action is denied.
The defendant Linda Passante was the sole owner of the defendant The Halo Group, Inc. (hereinafter Halo). In May 2017, the plaintiff and Halo entered into an asset purchase agreement (hereinafter the APA), under which the plaintiff agreed to purchase all of Halo's assets. In June 2017, the plaintiff commenced this action. In an amended complaint, the plaintiff asserted six causes of action, including the first cause of action, alleging fraudulent inducement, and the third cause of action, alleging breach of contract. Prior to answering, the defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. The Supreme Court, inter alia, granted that branch of the motion which was to dismiss the first cause of action. The plaintiff appeals.
"The essential elements of a cause of action for fraud are representation of a material existing fact, falsity, scienter, deception and injury" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [internal quotation marks omitted]). "Mere unfulfilled promissory statements as to what will be done in the future are not actionable as fraud and the injured party's remedy is to sue for breach of contract" (Brown v Lockwood, 76 AD2d 721, 731 [citation omitted]; see Pugni v Giannini, 163 AD3d 1018, 1020). Where, however, it is alleged that the defendant made misrepresentations of present facts that were collateral to the contract and served as an inducement to enter into the contract, a cause of action alleging fraudulent inducement is not duplicative of a breach of contract cause of action (see Greenberg v Meyreles, 155 AD3d 1001, 1003).
Here, contrary to the Supreme Court's conclusion, the cause of action alleging fraudulent inducement was not duplicative of the breach of contract cause of action. The first cause of action alleges that the defendants knowingly made false representations in Halo's financial [*2]statements, which were collateral to the APA, that these false statements were made in order to induce the plaintiff to enter into the APA, that the plaintiff would not have entered into the APA but for these false statements, and that the plaintiff was injured by this fraudulent conduct (see New York Univ. v Continental Ins. Co., 87 NY2d at 318; Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898). As the first cause of action alleges misrepresentations of present fact that were collateral to the APA and further alleges that these misrepresentations induced the plaintiff to enter into the APA, the court should have denied that branch of the defendants' motion which was to dismiss the first cause of action.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court