S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc. (2022 NY Slip Op 05104)

S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc.

2022 NY Slip Op 05104

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-09783
 (Index No. 59714/18)

[*1]S & J Service Center, Inc., appellant,
v
Commerce Commercial Group, Inc., respondent.

Cohn & Spector, White Plains, NY (Julius W. Cohn of counsel), for appellant.
Aldo V. Vitagliano, P.C., Rye, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated December 10, 2020. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant.
ORDERED that the order is affirmed, with costs.
On June 21, 2018, the plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract. In an order dated February 4, 2019 (hereinafter the dismissal order), the Supreme Court granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff appealed. In a decision and order dated December 18, 2019 (hereinafter the reversal order), this Court reversed the dismissal order (see S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 178 AD3d 977). On December 18, 2019, the plaintiff served a copy of the reversal order with notice of entry on the defendant by filing a copy of the reversal order with notice of entry on the New York State Courts Electronic Filing System site (see 22 NYCRR 202.5-b[h][2]). Pursuant to CPLR 3211(f), the defendant was required to serve an answer within 10 days of service of the reversal order with notice of its entry. It is undisputed that the defendant failed to serve an answer.
By notice of motion dated May 27, 2020, the plaintiff moved for leave to enter a default judgment against the defendant. The defendant opposed the motion. In an order dated December 10, 2020, the Supreme Court denied the motion. The plaintiff appeals.
"To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense" (Nationstar Mtge., LLC v Gross, 201 AD3d 942, 944 [internal quotation marks omitted]). "'Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Natanel v Plaza Ins. Co., 200 AD3d 890, 891, quoting Mtag Cust for Mtag Caz Cr. NY, LLC v County of Nassau, [*2]191 AD3d 662, 663-664 [internal quotation marks omitted]). "Law office failure may be accepted by the court as a reasonable excuse where it is supported by a detailed and credible explanation of the default" (Patel v New York City Tr. Auth., 199 AD3d 925, 927 [internal quotation marks omitted]). Here, in opposition to the plaintiff's motion, under the circumstances, the defendant established a reasonable excuse for failing to timely serve an answer, as well as a potentially meritorious defense to the action.
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment against the defendant.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court