Vice, Inc. v Stapp (2022 NY Slip Op 05734)

Vice, Inc. v Stapp

2022 NY Slip Op 05734

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2019-08728
 (Index No. 150319/18)

[*1]Vice, Inc., plaintiff/counterclaim defendant- respondent, 
v
Scott Stapp, defendant/counterclaim plaintiff-appellant; Jonathan Votta, et al., counterclaim defendants-respondents, et al., counterclaim defendant.

Shapiro Arato Bach, LLP, New York, NY (Cynthia S. Arato, Philip W. Young, and Amelia C. Hritz of counsel), for defendant/counterclaim plaintiff-appellant.
Samuel E. Kramer, New York, NY, for plaintiff/counterclaim defendant-respondent and counterclaim defendants-respondents Jonathan Votta, Vincent Votta, Ronald Jay Blumenthal, and John Moyer.
Fishkin, Gurshumov & Nussbaum, Brooklyn, NY (Marcus Nussbaum of counsel), for counterclaim defendant-respondent John Gomez.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant/counterclaim plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated June 7, 2019. The order granted the motion of the counterclaim defendants Vice, Inc., Jonathan Votta, Vincent Votta, Ronald Jay Blumenthal, and John Moyer, and the separate motion of the counterclaim defendant John Gomez, which were pursuant to CPLR 3211(a) to dismiss the counterclaim insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the counterclaim defendants Vice, Inc., Jonathan Votta, Vincent Votta, Ronald Jay Blumenthal, and John Moyer, and the separate motion of the counterclaim defendant John Gomez, which were pursuant to CPLR 3211(a) to dismiss, insofar as asserted against each of them, so much of the counterclaim as alleged that the defendant/counterclaim plaintiff declined a firm offer of $550,000 to perform and participate in the Battleland 2017, International Battle of the Bands concert due to the counterclaim defendants' allegedly false statements, and substituting therefor a provision denying those branches of the motions; as so modified, the order is affirmed, without costs or disbursements.
The defendant/counterclaim plaintiff, Scott Stapp, was the lead singer for the rock band Creed. On September 29, 2015, Stapp entered into an agreement (hereinafter the band agreement) to join the musical group Art of Anarchy (hereinafter AOA). In February 2018, Vice, Inc. (hereinafter Vice), which owned AOA, commenced this action, inter alia, to recover damages for breach of contract against Stapp, alleging, among other things, that Stapp breached the band agreement by failing to perform in live performances and to appear for publicity events. In his verified answer, Stapp asserted a counterclaim against, among others, Vice; the manager of AOA, [*2]John Gomez; and the other members of AOA, Jonathan Votta, Vincent Votta, Ronald Jay Blumenthal, and John Moyer (hereinafter collectively the counterclaim defendants). In the counterclaim, Stapp alleged, inter alia, that he relied on the counterclaim defendants' false statements that AOA had secured offers to perform at certain venues. Thereafter, Vice and the other members of AOA moved, and Gomez separately moved, pursuant to CPLR 3211(a) to dismiss the counterclaim insofar as asserted against each of them. In opposition to the motions, Stapp submitted an affidavit to supplement his counterclaim, alleging damages arising from, among other things, his contribution of the song "Somber" and his songwriting, name, likeness, performance, and goodwill to AOA, instead of using those resources in his career as a solo artist. Additionally, Stapp alleged that he declined a firm offer of $550,000 to perform in the Battleland 2017, International Battle of the Bands concert (hereinafter Battleland 2017) in reliance on the counterclaim defendants' allegedly false statement that AOA would be touring at the same time. In an order dated June 7, 2019, the Supreme Court granted the counterclaim defendants' motions to dismiss the counterclaim insofar as asserted against each of them for failure to state a cause of action. Stapp appeals.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court will accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Tsinias Enters. Ltd. v Taza Grocery, Inc., 172 AD3d 1271, 1272 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88).
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Trump Vil. Section 4, Inc. v Vilensky, 202 AD3d 865, 865-866 [internal quotation marks omitted]). Allegations of fraud must be alleged with specificity (see CPLR 3016[b]; Trump Vil. Section 4, Inc. v Vilensky, 202 AD3d at 866; Thomson v Watchtower Bible & Tract Socy. of N.Y., Inc., 198 AD3d 996, 997). With regard to damages, there must be an allegation of "actual pecuniary loss sustained as the direct result of the wrong or what is known as the out-of-pocket rule" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [internal quotation marks omitted]; see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421; Reno v Bull, 226 NY 546, 553). "Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained" (Lama Holding Co. v Smith Barney, 88 NY2d at 421). Thus, a deceived plaintiff is entitled to recover the "'difference between the value of the bargain which a plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain'" (Global Granite Sales Corp. v Sabovic, 166 AD3d 587, 589, quoting Sager v Friedman, 270 NY 472, 481).
Here, the Supreme Court properly granted those branches of the counterclaim defendants' motions which were to dismiss so much of the counterclaim as alleged damages from Stapp's contribution of the song "Somber" and his songwriting, name, likeness, performance, and good will to AOA, since Stapp's allegations of damages arising from the inability to use those resources toward his solo career were indeterminate and speculative (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142-143).
However, the Supreme Court erred in granting those branches of the counterclaim defendants' motions which were to dismiss so much of the counterclaim as alleged that Stapp declined a firm offer of $550,000 to perform and participate in the Battleland 2017 concert due to the counterclaim defendants' allegedly false statements that AOA would be touring at the same time. Stapp's allegations regarding the Battleland 2017 offer adequately alleged definite, measurable out-of-pocket damages resulting from the alleged fraud (see Designer Limousine, Inc. v Authority Transp., Inc., 176 AD3d 670, 672; cf. Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 143).
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court