Bank of N.Y. Mellon Trust Co., N.A. v Barone (2022 NY Slip Op 05972)

Bank of N.Y. Mellon Trust Co., N.A. v Barone

2022 NY Slip Op 05972

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2018-01184
2018-01185
2019-12194
 (Index No. 12076/13)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
John Barone, appellant, et al., defendants.

Yolande I. Nicholson, P.C., Brooklyn, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for respondent.
In an action to foreclose a mortgage, the defendant John Barone appeals from (1) two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated October 3, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated May 22, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant John Barone and for an order of reference, and denied those branches of the cross motion of the defendant John Barone which were pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, in effect, pursuant to CPLR 5015(a)(1) to vacate his default in answering the complaint and for leave to serve a late answer. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, insofar as appealed from, upon the orders, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and directed the sale of the subject property.

DECISION & ORDER
By order to show cause dated September 20, 2021, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeals from the orders dated October 3, 2017, on the ground that the right of direct appeal from those orders terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated December 8, 2021, the motion to dismiss the appeals from the orders was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders is granted; and it is further,
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2004, the defendant John Barone (hereinafter the defendant) executed and delivered a note to JPMorgan Chase Bank (hereinafter JPMorgan) in the amount of $365,000. The note was secured by a mortgage on certain real property located in Brooklyn. Subsequently, the defendant executed a second note in the amount of $316,205.15, also in favor of JPMorgan, a second mortgage on the subject property, and a consolidation, extension, and modification agreement, which, along with a consolidated note and mortgage, created a single lien in the amount of $675,000. The defendant allegedly defaulted on the loan by failing to make the payments of principal and interest due on March 1, 2009, and thereafter.
In July 2013, the plaintiff commenced this action against the defendant, among others, to foreclose the consolidated mortgage. The defendant allegedly was served with process pursuant to CPLR 308(2), but failed to interpose an answer or file a pre-answer motion to dismiss the complaint. After the matter was released from the mandatory foreclosure settlement part, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, in effect, pursuant to CPLR 5015(a)(1) to vacate his default in answering the complaint and for leave to serve a late answer. The plaintiff opposed the cross motion.
In an order dated October 3, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and denied those branches of the defendant's cross motion which were pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, in effect, pursuant to CPLR 5015(a)(1) to vacate his default in answering the complaint and for leave to serve a late answer. On the same date, the court issued a second order, among other things, granting the same relief to the plaintiff and referring the matter to a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved, among other things, for a judgment of foreclosure and sale. The defendant opposed the motion. On May 22, 2019, the Supreme Court issued an order and judgment of foreclosure and sale, inter alia, granting that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and directing the sale of the subject property.
The defendant appeals from the orders, as well as the order and judgment of foreclosure and sale.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
"'On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default'" (HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960, quoting L & Z Masonry Corp. v Mose, 167 AD3d 728, 729). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1008-1009 [internal quotation marks omitted]). Here, the plaintiff made the required showing by submitting proof of [*2]service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default (see CPLR 3215[f]; NYC REH, Inc. v Mizrahi, 204 AD3d 1023; HSBC Bank USA, N.A. v Diallo, 190 AD3d 959). Contrary to the defendant's contention, the plaintiff was not required to demonstrate that it had standing to commence the action in order to establish its prima facie entitlement to a default judgment. Standing is not an essential element of a cause of action to foreclose a mortgage (see HSBC Bank USA, N.A. v Diallo, 190 AD3d at 960).
In opposition to the plaintiff's motion, and in support of his cross motion, the defendant failed to establish a reasonable excuse for his default. Contrary to the defendant's contention, he waived his objection to personal jurisdiction when his counsel filed a notice of appearance in the action and did not raise any jurisdictional objection for more than a year and a half (see Wilmington Trust Co. v Valdivieso, 207 AD3d 783; JP Morgan Chase Bank v Jacobowitz, 176 AD3d 1191, 1192-1193; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182). In light of the defendant's failure to establish a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated a potentially meritorious defense (see JE & MB Homes, LLC v U.S. Bank N.A., 189 AD3d 1195, 1196; Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893), including the nonjurisdictional argument that the plaintiff failed to satisfy a condition precedent in the mortgage by failing to deliver a notice of default in accordance with the terms of the consolidated mortgage (see Citimortgage, Inc. v Weaver, 197 AD3d 1087, 1089; Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and denied those branches of the defendant's cross motion which were pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, in effect, pursuant to CPLR 5015(a)(1) to vacate his default in answering the complaint and for leave to serve a late answer.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court