Ng v Asquared Group, Inc. (2023 NY Slip Op 04598)

Ng v Asquared Group, Inc.

2023 NY Slip Op 04598

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06947
 (Index No. 714168/16)

[*1]Nancy Shunkuen Ng, etc., respondent,
v
Asquared Group, Inc., et al., appellants.

Graber Law Firm (Felicello Law P.C., New York, NY [Michael J. Maloney], of counsel), for appellants.
White, Cirrito, Nally & Lynch, LLP, Hempstead, NY (Christopher M. Lynch and Allison M. Castel of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal from a judgment of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered June 9, 2020. The judgment, insofar as appealed from, upon an order of the same court (Dennis J. Butler, J.) entered February 27, 2018, inter alia, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Andy Lee, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant Andy Lee in the principal sums of $135,208.98 for compensatory damages and $700,000 for punitive damages.
ORDERED that the appeal by the defendants Asquared Group, Inc., and XYZ Corp. is dismissed, without costs or disbursements, as those defendants are not aggrieved by the judgment (see CPLR 5511); and it is further,
ORDERED that the judgment is modified, on the facts, by deleting the provision thereof awarding punitive damages in the principal sum of $700,000, and substituting therefor a provision awarding punitive damages in the principal sum of $300,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant Andy Lee were shareholders of Kyoto Dining Group, Inc., and Kyoto Restaurant, Inc. (hereinafter together the Kyoto corporations), corporate entities formed for the purpose of operating a restaurant business. In April 2013, Lee transferred the assets of the Kyoto corporations to the defendant Asquared Group, Inc. (hereinafter Asquared), a corporation of which the plaintiff was not a shareholder, purportedly to freeze the plaintiff out of her 25% share in the Kyoto corporations. Thereafter, in October 2016, the assets of Asquared were transferred to another corporate entity, Stellar 153, Inc., which was owned by the girlfriend of Lee's father.
The plaintiff commenced this action, inter alia, to recover damages for breach of fiduciary duty. After the defendants failed to appear or answer the complaint, the plaintiff moved for leave to enter a default judgment against them. Lee opposed the plaintiff's motion, contending, among other things, that he had a reasonable excuse for his default and a potentially meritorious [*2]defense. In an order entered February 27, 2018, the Supreme Court granted the plaintiff's motion, holding the defendants in default and directing an inquest on the issue of damages. After the inquest on the issue of damages, a judgment was entered in favor of the plaintiff and against Lee in the total sum of $935,417.16, which included compensatory damages in the principal sum of $138,208.98 and punitive damages in the principal sum of $700,000.
To defeat a facially sufficient motion for leave to enter a default judgment, a defendant must show either that there was no default or that the defendant had a reasonable excuse for the delay and a potentially meritorious defense (see S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 208 AD3d 908, 909; Nationstar Mtge., LLC v Gross, 201 AD3d 942, 944; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 785). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Mannino Dev., Inc. v Linares, 117 AD3d 995, 995 [internal quotation marks omitted]; see Federal Nat. Mtge. Assn. v Zapata, 143 AD3d 857, 858). Here, Lee failed to establish either that there was no default or that there was a reasonable excuse for his delay. Lee's contention that he did not need to answer the complaint because of purported settlement negotiations did not constitute a reasonable excuse for failing to appear or answer the complaint (see Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317; Turko v Daffy's, Inc., 111 AD3d 615, 616; Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784, 785; Kouzios v Dery, 57 AD3d 949, 950). In light of Lee's failure to establish a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated a potentially meritorious defense (see Bank of N.Y. Mellon Trust Co., N.A. v Barone, 209 AD3d 939, 942; JE & MB Homes, LLC v U.S. Bank N.A., 189 AD3d 1195, 1197).
Compensatory damages "measure fair and just compensation, commensurate with the loss or injury sustained from the wrongful act" (E.J. Brooks Co. v Cambridge Sec. Seals, 31 NY3d 441, 448 [internal quotation marks omitted]; see Sharapata v Town of Islip, 56 NY2d 332, 335). Although the damages cannot be remote, contingent, or speculative, "[t]he standard is not one of mathematical certainty but only reasonable certainty" (E.J. Brooks Co. v Cambridge Sec. Seals, 31 NY3d at 449 [internal quotation marks omitted]; see Steitz v Gifford, 280 NY 15, 20). Moreover, "[w]hen a difficulty faced in calculating damages is attributable to the defendant's misconduct, some uncertainty may be tolerated" (Wolf v Rand, 258 AD2d 401, 402-403 [internal quotation marks omitted]). Here, the Supreme Court properly determined that the calculations provided by the plaintiff as to compensatory damages provided reasonably certain proof as to her damages and that such proof was not the result of speculation, conjecture, or imagination (see E.J. Brooks Co. v Cambridge Sec. Seals, 31 NY3d at 448).
"Punitive damages are not to compensate the injured party but rather to punish the tortfeasor and to deter this wrongdoer and others similarly situated from indulging in the same conduct in the future" (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 489; see Sharapata v Town of Islip, 56 NY2d at 335). "Punitive damages are permitted when the defendant's wrongdoing is not simply intentional but evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations" (Ross v Louise Wise Servs., Inc., 8 NY3d at 489 [internal quotation marks omitted]; see Walker v Sheldon, 10 NY2d 401, 405). "The misconduct must be exceptional, 'as when the wrongdoer has acted maliciously, wantonly, or with a recklessness that betokens an improper motive or vindictiveness . . . or has engaged in outrageous or oppressive intentional misconduct or with reckless or wanton disregard of safety or rights'" (Ross v Louise Wise Servs., Inc., 8 NY3d at 489, quoting Sharapata v Town of Islip, 56 NY2d at 335).
Contrary to Lee's contention, the record supports the Supreme Court's determination, in effect, that Lee wrongfully diverted corporate assets for the purpose of usurping the plaintiff's ownership interest in the Kyoto corporations and that this constituted willful, wanton, or reckless misconduct sufficient to support an award of punitive damages (see Giblin v Murphy, 73 NY2d 769, 772; Stein v McDowell, 74 AD3d 1323, 1326; Sieger v Zak, 74 AD3d 1319, 1319-1320). However, under the circumstances of this case, the award of punitive damages was excessive to the extent indicated (see generally State Farm Mut. Auto. Ins. Co. v Campbell, 538 US 408, 425; Gomez v Cabatic, 159 AD3d 62, 80).
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court