Kushner v Naso (2024 NY Slip Op 05791)

Kushner v Naso

2024 NY Slip Op 05791

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-01065
 (Index No. 530589/21)

[*1]Richard Kushner, respondent, 
v
Barbara Naso, et al., appellants.

Paul B. Groman, Brooklyn, NY, for appellants.
Mancilla & Fantone, LLP, New York, NY (Robert M. Fantone and Andrew Mancilla of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated December 14, 2022. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
In November 2021, the plaintiff, Richard Kushner, commenced this action against his former spouse, Barbara Naso, and her spouse, Jack Pers (hereinafter together the defendants), alleging paternity fraud. The plaintiff sought to recover, inter alia, his child support expenses for the parties' son and damages for emotional distress after the results of a DNA ancestry analysis revealed that the son was not his biological child and that the son's children were not his biological grandchildren. He further sought to recover damages for lost life and employment opportunities, as he had been required to maintain his residence in or around New York City to care for the son after his divorce from Naso. In addition, the plaintiff sought punitive damages.
Prior to joining issue, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated December 14, 2022, the Supreme Court denied the motion. The defendants appeal.
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), "[w]e accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Jason v Krey, 60 AD3d 735, 736). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Bailey v City of New York, 228 AD3d 713, 714-715, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
"To allege a cause of action based on fraud, plaintiff must assert a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission" and damages (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142 [internal quotation marks omitted]; see Vice, Inc. v Stapp, 209 AD3d 794, 796). [*2]Damages must be ascertainable, and not too remote or speculative (see Vice, Inc. v Stapp, 209 AD3d at 796; Howard S. v Lillian S., 62 AD3d 187, 193-194, affd 14 NY3d 431). "Punitive damages are not to compensate the injured party but rather to punish the tortfeasor and to deter this wrongdoer and others similarly situated from indulging in the same conduct in the future" (Ng v Asquared Group, Inc., 219 AD3d 1341, 1343 [internal quotation marks omitted]; see Dash Windows of L.I., Inc. v Bivona, 216 AD3d 915, 916).
Here, the Supreme Court should have granted the defendants' motion to dismiss the complaint on the ground that the complaint failed to state a cause of action, as the damages the plaintiff sought to recover were either too remote or speculative (see Vice, Inc. v Stapp, 209 AD3d at 796-797; Howard S. v Lillian S., 62 AD3d at 193). The plaintiff alleged, inter alia, that he provided Naso with various forms of support and maintenance for the son in the sum of no less than $304,729 in reliance on the defendants' representation that he was the son's biological father and, in effect, that he would not have supported the son had he known earlier that the son was not his biological child. The plaintiff, however, in effect, conceded that he had always harbored certain doubts about the son's parentage and did not allege that the veracity of the defendants' representations could not have been ascertained earlier. Nor can the plaintiff seek punitive damages for the defendants' alleged fraud and misrepresentations (see Howard S. v Lillian S., 62 AD3d at 193).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court