BAC Home Loans Servicing, L.P. v Davis (2025 NY Slip Op 04859)

BAC Home Loans Servicing, L.P. v Davis

2025 NY Slip Op 04859

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-07397
 (Index No. 712607/21)

[*1]BAC Home Loans Servicing, L.P., respondent,
v
Betty Davis, et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Friedman Vartolo LLP, New York, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Betty Davis and Vameershala Davis appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered July 11, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were pursuant to CPLR 3215 for leave to enter a default judgment against those defendants and for an order of reference, and denied the cross-motion of those defendants pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction or, in the alternative, for leave to file a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2009, the plaintiff commenced this action against, among others, the defendants Betty Davis and Vameershala Davis (hereinafter together the defendants) to foreclose a mortgage encumbering certain real property located in Jamaica. The defendants did not answer the complaint. In February 2023, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. The defendants opposed the motion and cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction or, in the alternative, for leave to file a late answer. In an order entered July 11, 2023, the Supreme Court granted those branches of the plaintiff's motion and denied the defendants' cross-motion. The defendants appeal.
The Supreme Court properly denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. "'A defendant may waive the issue of . . . personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss'" (U.S. Bank N.A. v Smith, 210 AD3d 725, 726 [internal quotation marks omitted], quoting Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741; see HSBC Bank USA, N.A. v Taub, 170 AD3d 1128, 1129). "'A defendant may appear informally by actively litigating the action before the court'" (Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d at 741, quoting Taveras v City of New York, 108 AD3d 614, 617). "'When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court'" (Travelon, Inc. v Maekitan, 215 AD3d 710, 712, [*2]quoting Taveras v City of New York, 108 AD3d at 617; see HSBC Bank USA, N.A. v Whitelock, 214 AD3d 855, 856). Here, the defendants waived the defense of lack of personal jurisdiction by opposing a prior motion by the plaintiff for leave to enter a default judgment against them on the ground, among others, that the plaintiff failed to establish the merits of its cause of action against them and by thereafter opposing another prior motion by the plaintiff and filing a cross-motion for affirmative relief, all without asserting an objection to jurisdiction (see Bank of N.Y. Mellon v Taylor, 230 AD3d 457, 458-459; U.S. Bank N.A. v Jong Shin, 224 AD3d 933, 935; HSBC Bank USA, N.A. v Whitelock, 214 AD3d at 856; HSBC Bank USA, N.A. v Taub, 170 AD3d at 1129).
The Supreme Court also properly denied that branch of the defendants' cross-motion which was for leave to file a late answer. "'A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must be provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action'" (Citimortgage, Inc. v Sparozic, 223 AD3d 867, 869, quoting Bank of Am., N.A. v Viener, 172 AD3d 795, 796; see Bank of N.Y. Mellon Trust Co., N.A. v Barone, 209 AD3d 939, 941). Here, the defendants failed to demonstrate a reasonable excuse for their default in timely answering the complaint, as the only excuse proffered was lack of personal jurisdiction (see Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d 835, 837; Bank of N.Y. Mellon Trust Co., N.A. v Barone, 209 AD3d at 941; OneWest Bank, FSB v Villafana, 187 AD3d 1201). Since the defendants failed to provide a reasonable excuse for their delay in answering the complaint, it is not necessary to determine whether they demonstrated a potentially meritorious defense to the action (see Bank of N.Y. Mellon Trust Co., N.A. v Barone, 209 AD3d at 941; Bank of Am., N.A. v Viener, 172 AD3d at 796).
The defendants' remaining contentions either need not be reached in light of our determination or are without merit.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court